UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGUEL MADRIGAL PAZ,<br><br>    Petitioner,<br><br>  vs.<br><br>ELDON VAIL,<br><br>    Respondent. | NO. CV-09-5042-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION WITHOUT PREJUDICE |

BEFORE THE COURT are Petitioner's Objections (Ct. Rec. 6) to the Report and Recommendation to dismiss this habeas action. Petitioner, a prisoner at the Washington Correction Center, is proceeding *pro se* and has paid the filing fee; Respondent has not been served.

Mr. Paz asserts he is challenging the "execution of his sentence" as it relates to restitution and interest, and he should be permitted to raise such claims in a federal habeas action. He asserts he has been twice "punished" in violation of the provision against double jeopardy, and he seeks his release from "further punishment."

Again, Petitioner does not seek his release from incarceration. Petitioner appears to assert he cannot challenge the issue of interest in a state tort action, as it is "part of the judgment and sentence," and the Washington State Courts "refused to rule on the issues

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING ACTION WITHOUT PREJUDICE -- 1

presented." The court notes, Mr. Paz asserted in his habeas petition that interest was being charged in violation of his judgment and sentence, not as part of it. Regardless, a prisoner who believes his prison account is being overcharged may file an internal prison grievance procedure or a tort claim against the state. *See* RCW 4.92 et seq. The fact a prisoner may be dissatisfied with these remedies, does not render them inadequate.

Again, the purpose of a federal habeas petition under 28 U.S.C. § 2254 is to challenge the fact or duration of one's confinement, or to seek a determination one is entitled to release or a shortening of one's period of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973). Plaintiff's claims are not cognizable in this federal habeas action. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (holding federal petitioners in custody cannot challenge fines or restitution orders under § 2255, even if the petition also contains cognizable claims for release from custody, denying a federal defendant's motion to vacate a restitution order because "[b]y its plain terms, § 2255 [like § 2254, despite certain textual distinctions] is available only to defendants who are in custody and claiming the right to be released").

Therefore, for the reasons set forth above and by the Magistrate Judge, **IT IS ORDERED** the Report and Recommendation is **ADOPTED in its entirety** and this federal habeas action is summarily **DISMISSED without prejudice** under Rule 4, Rules Governing § 2254 Cases.

///

///

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING ACTION WITHOUT PREJUDICE -- 2

**IT IS SO ORDERED.** The District Court Executive is **DIRECTED** to file this Order, enter judgment, forward a copy to Petitioner and close this file.

**DATED** this ___24th___ day of July, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING ACTION WITHOUT PREJUDICE -- 3